IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE VILLAFANE SANTIAGO; MARGARITA PRATTS QUINONES; JENNIFER S. VASANDANI RIVERA; MYRNA FUENTES TIRADO; JAIME PALMER; XAVIER FELICIANO CARRASQUILLO; STEVEN SANTANA RAMIREZ; ANGELA ALICEA SANCHEZ RIVERA; IVETTE MARTINEZ; JORGE ARTAUD; CRISTINA MILAN CRUZ; YUDERCA PACHECO; JOHN OR JANE DOE<br><br>**Plaintiffs**<br><br>v.<br><br>FEDERAL EMERGENCY MANAGEMENT AGENCY (FEMA);THE FACILITATORS: CAMP IRONHORSE INC.; Insurance Carrier X<br><br>**Defendants** | Civil No.<br><br>FAIR LABOR STANDARDS ACT (FLSA)29 USC 201CLAIM OF SALARIES<br>Christmas Bonus Act (Law 148);<br>Minimum Salary Act (LAW 180);<br>TORTS (Art. 1536)<br><br>JURY TRIAL REQUESTED |

**COMPLAINT**

TO THE HONORABLE COURT:

NOW COME plaintiffs **José Villafañe Santiago; Margarita Pratts Quinones; Jennifer S. Vasandani Rivera; Myrna Fuentes Tirado; Jaime Palmer; Xavier Feliciano Carrasquillo; Steven Santana Ramirez; Angela Alicea Sanchez Rivera; Ivette Martinez; Jorge Artaud; Cristina Milan Cruz; Yuderca Pacheco**& John or Jane Doethrough undersigned counsel, and respectfully state and pray:

1

## I.  PRELIMINARY STATEMENT

This is a civil action for of unpaid wages, accrued vacations and non-discretionaryBonuses pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201et seq, (hereinafter FLSA) and other relief under Local Laws. The Plaintiffs were employees of the Co-Defendants until they were terminated between August and September 2019 as part of, or as a result of termination of contract ordered by codefendant FEMA.

## II.  JURISDICTION AND VENUE

1. This Court has federal subject matter jurisdiction over this action, pursuant to 29 U.S.C. § 201 – 219 and 28 U.S.C. § 1331. This Court has jurisdiction to entertain the claims pleaded herein pursuant to 28 U.S.C sec. 1331, 1343(a)(3), (a)(4). The district court has supplemental jurisdiction over state law claims pursuant to 28 U.S,C. sec. 1367. Plaintiffs request for relief under FLSAis authorized by 29 U.S.C sec. 216.

2. Venue is proper in this District Court pursuant to 28 U.S.C. 1391 (a) and (b) because the events that gave rise to this Complaint occurred in this district.

3. All conditions precedent to jurisdiction under 28 U.S.C sec. 1331, 1343(a)(3), (a)(4) and 28 U.S.C. 1391 have occurred or been complied with.

## III. PARTIES

4. Plaintiff **JOSÉ VILLAFAÑE SANTIAGO** is a citizen of the United States who was employed by co-Defendants "The Facilitators: Camp Ironhorse" &FEMA and resides at Villas de Ciudad Jardín, Apt. J-902, Carolina, Puerto Rico 00979,

which is in this judicial district. At the time of his dismissal, Plaintiff occupied the position of "Cost Analyst" with a salary of $28.00 p/h;

5. Plaintiff **MARGARITA PRATTS QUINOÑES** is a citizen of the United States who was employed by co-Defendants "The Facilitators: Camp Ironhorse" & FEMA and resides at Calle Malaga 9-12, Urb. Torrimar, Guaynabo, Puerto Rico 00969, which is in this judicial district. At the time of his dismissal, Plaintiff occupied the position of "Cost Analyst" and has a salary of $28.00 p/h;

6. Plaintiff **JENNIFER S. VASANDANI RIVERA** is a citizen of the United States who was employed by co-Defendants "The Facilitators: Camp Ironhorse" & FEMA and resides at Calle 8 HH-8, Urb. Las Americas, Bayamón, Puerto Rico 00959, which is in this judicial district. At the time of his dismissal, Plaintiff occupied the position of "Cost Analyst" and has a salary of $28.00 p/h;

7. Plaintiff **MYRNA FUENTES TIRADO** is a citizen of the United States who was employed by co-Defendants "The Facilitators: Camp Ironhorse" & FEMA and resides in Monte del Estado VI, Urb. Colinas Metropolitanas, Guaynabo, Puerto Rico 00969, which is in this judicial district. At the time of his dismissal, Plaintiff occupied the position of "Case Manager" and has a salary of $24.00 p/h;

8. Plaintiff **JAIME PALMER** is a citizen of the United States who was employed by co-Defendants "The Facilitators: Camp Ironhorse" & FEMA and resides at Monte del Estado VI, Urb. Colinas Metropolitanas, Guaynabo, Puerto Rico 00969, which is in this judicial district. At the time of his dismissal, Plaintiff occupied the position of "Resource Officer" and has a yearly salary of $52,000.00;

9. Plaintiff **XAVIER FELICIANO CARRASQUILLO** is a citizen of the United States who was employed by co-Defendants "The Facilitators: Camp Ironhorse" & FEMA and resides in the municipality of Carolina, Commonwealth of Puerto Rico, which is in this judicial district. His postal address is HC-01, Box 11885, Carolina PR 00987. At the time of his dismissal, Plaintiff occupied the position of "Construction Cost Analyst" and has a salary of $28.00p/h;

10. Plaintiff **STEVEN SANTANA RAMIREZ** is a citizen of the United States who was employed by co-Defendants "The Facilitators: Camp Ironhorse" & FEMA and resides at Marina IV, Apartment No. 1801, Barceloneta, Puerto Rico, which is in this judicial district. At the time of his dismissal, Plaintiff occupied the position of "Construction Cost Estimator" and has a salary of $28.00 p/h;

11. Plaintiff **ANGELA ALICEA SANCHEZ RIVERA** is a citizen of the United States who was employed by co-Defendants "The Facilitators: Camp Ironhorse" & FEMA and resides at Calle Margarita G-5, Urb. Flamingo Terrace, Bayamon, Puerto Rico 00957, which is in this judicial district. At the time of his dismissal, Plaintiff occupied the position of "Construction Cost Estimator" and has a salary of $28.00;

12. Plaintiff **IVETTE MARTINEZ** is a citizen of the United States who was employed by co-Defendants "The Facilitators: Camp Ironhorse" & FEMA and resides at Calle Dr. Formicedo B1-6,Toa Baja, Puerto Rico 00949, which is in this judicial district. At the time of his dismissal, Plaintiff occupied the position of "Case Manager" and has a salary of $22.00;

13. Plaintiff **JORGE ARTAUD** is a citizen of the United States who was employed by co-Defendants "The Facilitators: Camp Ironhorse" & FEMA and resides at Calle B A-13, Urb. Ext. La Alameda, San Juan, Puerto Rico 00926, which is in this judicial district. At the time of his dismissal, Plaintiff occupied the position of "case manager" and has a salary of $22.00ph;

14. Plaintiff **CRISTINA MILAN CRUZ** is a citizen of the United States who was employed by co-Defendants "The Facilitators: Camp Ironhorse" & FEMA and resides at Calle Golondrina No. 4515, Urb. Punto Oro, Ponce, Puerto Rico 00728, which is in this judicial district. At the time of his dismissal, Plaintiff occupied the position of "Case Manager" and has a salary of $28.00;

15. Plaintiff **YUDERCA PACHECO** is a citizen of the United States who was employed by co-Defendants "The Facilitators: Camp Ironhorse" & FEMA and resides in the municipality of San Juan, Commonwealth of Puerto Rico, which is in this judicial district. At the time of his dismissal, Plaintiff occupied the position of "Cost Analyst" and has a salary of $28.00;

16. Plaintiff **John or Jane Doe** are fictitious name to identify any other worker who was employed by co-Defendants "The Facilitators: Camp Ironhorse" & FEMA resides within this judicial district and suffer a similar situation to the one alleged in the Complaint.

17. Defendant "**The Facilitators: Camp Ironhorse, Inc.**", upon information and \ or belief, is a foreign nonprofit corporation based in Oklahoma, authorized to do business in Puerto Rico, that has its own legal personality and ability to sue and be sued. Pursuant to the info at the Department of State, the main offices in

Puerto Rico are in the San Tomas Urbanization, Adolfo Santos Verges Street E-16, Ponce, PR 00716-8801. The parent company has a postal address at 23539 Fishmarket RD, Tecumseh Oklahoma 74873.

18. Defendant **Federal Emergency Management Agency** (hereinafter **FEMA**) is a component of the United States Department of Homeland Security and an agency of the United States of America a public agency of the United States of America [within the meaning of 29 U.S.C. 203(a) & 203(d)] with its Joint Recovery Office located at #50 State Road, Suite 3, Industrial Park Buchannan, in Guaynabo, Puerto Rico.

19. Defendants Insurance Companies X, Y, Z, so named because their real name is unknown at present, are insurance companies who had issued policies in favor of one or more of the defendants to this action, which cover the events and damages herein claimed.

## IV. STATEMENT OF FACTS

20. On June 1st, 2018 codefendant Federal Emergency Management Agency (FEMA) published a notice entitled "Opportunity for Funding for Disaster Case Management in Puerto Rico".

21. Pursuant to the above mentioned notice, the funded entity will:

> "…implement and provide disaster case management in support of disaster survivors in the Commonwealth of Puerto Rico. Provider organizations (recipients) will be selected to provide services to a population of approximately 23, 000 across the 78 municipalities.
> **FEMA will serve as both the managing entity and the award oversight agency for this program and be assigned to the**

6

**FEMA Region II office and the Joint Recovery Office/Long-Term Recovery Office in Puerto Rico."**

22. The proposal required proponents (like co-defendant Camp Ironhorse) to contract employees to perform FEMA's functions to the public. Accordingly, FEMA Will delegate some of its functions to proponents while FEMA retains control of the work performed as a management agency. **Themodel of paymentfor the proponents was payment by reimbursement.**

23. Defendant, "THE FACILITATORS: CAMP IRONHORSE INC." (Camp Ironhorse) submit a proposal of services for Puerto Rico.

24. The proposal was accepted by FEMA (letter of July 27th, 2018) which stated that Camp Ironhorse would receive **$7,855,680.00** to perform services to victims of the Disaster for one year and an agreement was signed.

25. Pursuant to the agreement between codefendants (Camp Ironhorse and FEMA) terms and conditions were established. **FEMA WILL** delegate functions to be performed by Camp Ironhorse. **FEMA WILL** pay the salaries of the employees using a reimbursement method. Employee functions were assigned by codefendants (FEMA & Camp Ironhorse) to provide services for victims of the disaster (Hurricanes Irma & Maria).Camp Ironhorse did not obtain a profit for the contracted services and the Budget was controlled by FEMA almost entirely.

26. All plaintiffs were hired pursuant to the agreement between co-defendants (FEMA & Camp Ironhorse) to perform public services to disaster victims in Puerto Rico. All Plaintiffs were hired by the defendant: Camp Ironhorse, Inc.

27. For purposes of the Complaint, Codefendants (FEMA & Camp Ironhorse) are "Joint Employers". Both have a joint venture (as the result of their agreement in July 2018) in which they benefit from the work of Plaintiffs.

28. As part of the employment contract, the regular workday of all Plaintiffs was eight (8) hours a day and / or forty (40) hours a week. Payroll cycles were biweekly.

29. As part of the employment contract, all Plaintiffs were entitled to accrued vacations and a non-discretionary Christmas Bonus.

30. As part of the employment contract, certain Plaintiffs were entitled to millage cost and reimbursements.

31. Codefendants "suffer or permit to work" Defendants from June 6, 2019 through September 2019.

32. On or around June 6, 2019 until its termination on August 3, 2019 (8 weeks), all plaintiffs worked for the defendants. Some plaintiffs continue to work until September to close the operation.

33. The Plaintiffs were dismissed due to the closure of the program (Puerto Rico Disaster Case Management Program) that existed under a cooperation agreement between the defendant and FEMA.

34. Co-defendant Camp Ironhorse requested the reimbursement to FEMA in order to proceed with the final payments but Co-Defendant FEMA refused to provide the reimbursement for causes not attributable to Plaintiffs.

35. At the time of termination of employment, Plaintiffs did not received compensation (wages or salaries) for their work after June 5,2019.

36. At the time of termination of employment, Plaintiffs did not received payment for the liquidation of vacation licenses.

37. At the time of termination of employment, Plaintiffs did not received payment for millage or reimbursements.

38. At this date, Plaintiffs have not received the nondiscretionary Christmas Bonus.

39. In June 2020 Defendant (Camp Ironhorse) recognized the above-mentioned debt (lines 32-35) for all plaintiffs but did not proceed with the payment.

### V. FIRST CAUSE OF ACTION

40. The first through the thirty-nine paragraphs/allegations contained in the complaint are reproduced as if they were transcribed in this part.

41. The claims set forth in this complaint are requested under the Fair Labor Standards Act (FLSA) as amended (29 USC sec. 201 et seq.).

42. Despite the obligation of the employer/codefendants to pay the Plaintiffs / employees the total wages due for the work rendered between June 6, 2019 until August 2, 2019 or their last day of work, the Plaintiffs have not been paid said salaries for a term of no less than four (4) payrolls or (8) eight weeks, which is why the defendant owes salaries to all complainants for work rendered.

43. In addition, despite the terms and conditions of the employment contract between Plaintiffs and Defendants, Plaintiffs have not been paid wages

consisting in accrued vacations, reimbursements,and the nondiscretionary Christmas Bonus.

44. For unpaid wages, Defendants owned Plaintiffs the amount of **$93,500**.

## VI. SECOND CAUSE OF ACTION

45. Plaintiff incorporates and restates all the preceding paragraphs/allegations as if they were transcribed in this part.

46. The claims set forth in this part are requested under the Fair Labor Standards Act.

47. In addition, to the wages not paid to the complainants, the defendant must pay the penalty provided in the FLSA (29 USCA 216) that provide for the payment of ("an additional equal amount as liquidated damages") or "an amount equal [to that owed for salaries] for liquidation of damages, in addition to costs, expenses and attorneys' fees" (29 LPRA sec 282).

48. For damages and penalties under FLSA, Defendants owned Plaintiffs the amount of **$93,500**.

## VII. THIRD CAUSE OF ACTION
## LOCAL LABOR CLAIMS

49. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

50. The claims set forth in this complaint are requested under local laws CHRISTMAS BONUS ACT (Law 148) and Minimum Salary Act (Law 180).

51. Despite the obligation of the employer pursuant to Laws 180 & 148, as amended, Plaintiffs have not been paidaccrued vacations, reimbursements, and the Christmas Bonus.

52. For unpaid accrued vacations, Christmas Bonus and other reimbursements, Defendants owned Plaintiffs the amount of **$25,850**.

53. Article 11 of Law No. 180 provides for the payment of penalties "an amount equal to that which has been no longer paid for additional compensation in addition to costs, expenses, interests and attorneys' fees for the procedure" (29 LPRA sec 250i).Similarly, Law No. 148 provides for the payment of an amount equal to the amount owned if the payment is made in excess of 6 months of the date that it is due.

54. For additional compensation under Laws 180 & 148, Defendants owned Plaintiffs the amount of **$25,850**.

## VIII. FOURTH CAUSE OF ACTION
## TORT CLAIM FOR DAMAGES

55. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

56. The events described herein constitute a tort pursuant to Article 1536 of the Civil Code of Puerto Rico against co-defendant Camp Ironhorse.

57. Defendants unreasonable and bad faith actions denied wages and non-discretionary benefits to Plaintiffs while allowing them to work in their benefit, has caused Plaintiffs to suffer severe mental anguish and suffering.

58. It is estimated that the emotional anguish and suffering sustained by Plaintiffs approximates an amount not less than a FIFTY Thousand Dollars ($50,000.00) each for a **total of $600,000.00**.

## IX. CLAIM FOR RELIEF

Plaintiffs respectfully pray that this Honorable Court grant the following relief:

1. Declaring that Defendants failed to comply with the requirements of FLSA.
2. That the Defendants be ordered to pay damages for all Counts stated in this Complaint
3. That an order be issued requiring Defendants to pay wages and full benefits, accrued and unpaid;
4. That Plaintiff be granted reasonable costs and attorneys fees incurred in this action.
5. That Plaintiff be granted such other and further relief as the Court deems just and proper.
6. That Defendants be ordered to pay legal interest on all amounts pursuant to applicable law.

**WHEREFORE**, plaintiffs respectfully demand that judgment be entered against the Defendants for all damages claimed herein, plus interest, costs and a reasonable amount for attorney's fees and expenses as provided by law.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 4th day of June, 2021.

*s/Héctor J. Pérez- Rivera*
**HECTOR RIVERA PEREZ**
USDC  No.: 212213
P.O. Box 9007
San Juan, PR  00908
Tel  787.667-6939
e-mail: hectorjuanp@hotmail.com
e-mail: hectorjuanprlaw@gmail.com

*s/Vicente Santori Margarida*
**VICENTE SANTORI MARGARIDA**
USDC: 205913
1353 Ave. Luis Vigoreaux PMB 571
Guaynabo, PR 00966
Tel. (787) 717-0715
Email: vsantorilaw@gmail.com